IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **LANCE JOHANSEN and MISSISSIPPI ORTHOPEDIC INSTITUTE, PLLC** | **PLAINTIFFS** |
| v. | CAUSE NO. 1:23-cv-6-LG-BWR |
| **PHILLIP MYERS, PAULA SMITH, JOHN D. SMITH, SHANNON CUEVAS, SINGING RIVER HEALTH SYSTEM, and JOHN DOES 1-10** | **DEFENDANTS** |
| **PHILLIP MYERS** | **COUNTER-CLAIMANT** |
| v. | |
| **LANCE JOHANSEN and MISSISSIPPI ORTHOPEDIC INSTITUTE, PLLC** | **COUNTER-DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS SUPPLEMENTAL STATE LAW CLAIMS**

**BEFORE THE COURT** is the [3] Motion to Dismiss filed by Defendants, Phillip Myers, Paula Smith, John D. Smith, Shannon Cuevas, and Singing River Health System.  In this Motion, Defendants seek only dismissal of the supplemental state law claims.  Plaintiffs filed a [6] Response to the Motion, to which Defendants [7] replied.  After due consideration of the parties' submissions, the record in this matter, and the applicable law, the Court finds that the [3] Motion to Dismiss should be granted.

## BACKGROUND

Plaintiff Lance Johansen "is an orthopedic surgeon who operates his practice under the name Mississippi Orthopedic Institute, PLLC," the other named Plaintiff in this action. (Am. Compl. ¶ 12, ECF No. 29). The individual Defendants have all worked at the Institute for some time; Paula Smith was its office manager, John Smith, a nurse practitioner, and Shannon Cuevas, a nurse. (*Id.* ¶¶ 15-17). Defendant Myers is a physician who "entered into an Employment Agreement with the Institute" in April 2020. (*Id.* ¶ 19). The contract contemplated that Myers would receive "substantial compensation, staff, patients, and training." (*Id.* ¶ 20). It also "contained a Noncompete Penalty clause, non-solicitation language, and confidentiality clauses." (*Id.* ¶ 21).

In October 2020, Myers submitted a 90-day notice of his resignation. (*Id.* ¶ 22-23). However, according to Plaintiffs, Myers resigned early. (*Id.*). Defendant Paula Smith allegedly began redirecting business calls to Defendant John Smith, without Plaintiffs' permission. (*Id.* ¶ 24). Thereafter, Defendants Shannon Cuevas, Paula Smith, and John Smith "abandoned and left the Institute along with three other employees," and, with Defendant Myers, "open[ed] a new practice in the same building as the Plaintiff" under the employment of Defendant Singing River Health System ("SRHS" or "Singing River"). (*Id.* ¶¶ 25-26, 32). In preparation for this new practice, Defendants allegedly contacted Plaintiffs' patients and directed them to the new practice, "procured patient information and records," and "pretended to be loyal" while engaging in the alleged conspiracy. (*Id.* ¶¶ 28-31). Plaintiffs add that

Defendants are engaged in "an overt and covert operation to secure the patronage of Plaintiffs' patients and intercept potential new patients who would normally be referred to the Plaintiffs." (*Id.* ¶ 33). After Defendant Myers' competing practice opened, Plaintiffs claim that they demanded that he honor the non-compete clause, which he refused. (*Id.* ¶¶ 34-35).

According to Plaintiffs, Defendant SRHS placed Myers on the peer review committee, and the latter sent some of Plaintiffs' cases to the peer review committee "in an effort to adversely affect Plaintiff." (*Id.* ¶¶ 36-40). Myers and the other individual Defendants also allegedly "defam[ed] and slander[ed] Plaintiff and his practice," claiming that he "was harming and hurting patients" and "practicing substandard medicine." (*Id.* ¶¶ 38-39). Plaintiffs argue that these claims are demonstrably false and that third-party medical providers have reviewed the disputed cases and found no issues. (*Id.* ¶¶ 39-41). Plaintiffs claim that Defendant Myers conspired "to push Plaintiff's practice out of the area so that Myers could take Plaintiff's current and future patients despite being inexperienced." (*Id.* ¶ 44). These events allegedly caused Plaintiff to move offices. (*Id.* ¶ 46). Further, Plaintiff Johansen had previously been elected chief of staff by his peers at Garden Park Hospital, but he claims to have lost his prestige due to Defendants' actions. (*Id.* ¶¶ 37, 45). Due to his relocation and loss of patients and business, he reports hundreds of thousands of dollars in losses. (*Id.* ¶ 47).

On December 5, 2022, Plaintiffs sued the named Defendants in the Circuit Court of Harrison County. (*See* Compl., ECF No. 1-2). The case was removed to

this Court on January 6, 2023, based on federal question jurisdiction. (*See* Not. Removal, ECF No. 1). On January 13, 2023, Defendants filed the instant [3] Motion to Dismiss the original Complaint, which was fully briefed. Afterwards, on April 19, 2023, Plaintiffs filed an [29] Amended Complaint. In its current form, the Amended Complaint brings causes of action against "the Defendants" for violation of substantive due process (Am. Compl. ¶¶ 58-67, ECF No. 29), unlawful taking (*Id.* ¶¶ 68-70), and First Amendment retaliation (*Id.* ¶¶ 108-113). The Complaint also brings state law claims for breach of contract against Defendant Myers (*Id.* ¶¶ 72-74), willful and tortious breach of contract against Defendant Myers (*Id.* ¶¶ 75-79), tortious interference with contract and business relationships against Defendants SRHS, Smith, Shannon and Paula (*Id.* ¶¶ 80-81), tortious interference with business relationships against all Defendants generally (*Id.* ¶¶ 82-89), breach of the duty of good faith and fair dealing against the individual Defendants (*Id.* ¶¶ 90-92), breach of fiduciary duties and duty of loyalty against the individual Defendants (*Id.* ¶¶ 93-98), slander and defamation *per se* against "the Defendants" (*Id.* ¶¶ 100-101), unfair competition against "the Defendants" (*Id.* ¶¶ 102-103), civil conspiracy against "the Defendants" (*Id.* ¶¶ 104-105), and conversion against all Defendants (*Id.* ¶¶ 106-107).

## DISCUSSION

**I.  MOTION TO DISMISS STANDARD**

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Under Rule 12(b)(6), the Court "must accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). Further, "all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). On the other hand, courts are not bound to accept as true a legal conclusion couched as a factual allegation. *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court may review the facts set forth in the Complaint, documents attached to the Complaint, and matters of which the court may take judicial notice under Federal Rule of Evidence 201. *Id.*

Plaintiffs filed an Amended Complaint after Defendants filed the [3] Motion to Dismiss. "[T]he filing of an amended complaint will ordinarily moot a pending motion to dismiss unless the amended complaint 'on its face' fails to address the alleged defects identified in the motion to dismiss." *Waggoner v. Shoemaker*, No. 1:21CV101-TBM-RPM, 2021 WL 3134910, at *1 (S.D. Miss. July 23, 2021) (citation

omitted). The Court has reviewed the Amended Complaint and finds that it does not appear to address the defects identified in the Motion to Dismiss.

**STATE LAW CLAIMS AGAINST SINGING RIVER/ MTCA NOTICE REQUIREMENT**

Defendants move to dismiss all of Plaintiffs' claims against Defendant Singing River *and the individual Defendants* under the Mississippi Tort Claims Act (MTCA). Defendants argue that Plaintiffs did not comply with the notice provision of the Act. The MTCA requires that a person making a claim against a governmental entity, or a government employee must file a notice of the claim with the governmental entity ninety (90) days prior to filing an action in court. *See* Miss. Code Ann. § 11-46-11(1).

> The language of this statute provides, in pertinent part:
>
> After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity.

Under Mississippi law, "[t]he notice of claim requirement 'imposes a condition precedent to the right to maintain an action.'" *Clanton v. DeSoto Cnty. Sheriff's Dep't*, 963 So. 2d 560, 563 (Miss. Ct. App. 2007) (quoting *Gale v. Thomas*, 759 So. 2d 1150, 1159 (Miss. 1999)). "The timely filing of the notice of claim is a jurisdictional prerequisite." *Id.*

Plaintiff alleges, and Defendants agree, that Singing River "is a political subdivision of Jackson County, Mississippi, organized and existing pursuant to the Community Hospital statutes of the State of Mississippi." (*See* Am. Compl. ¶ 7,

6

ECF No. 29).  The Court also agrees.  "Singing River is a political subdivision as defined by the statute so that any state law claims asserted against Singing River are governed exclusively by the MTCA." *Stewart v. Perry*, No. 1:07CV1270-WJG-JMR, 2009 WL 112091, at *2 (S.D. Miss. Jan. 14, 2009) (citing Miss. Code Ann. § 11-46-7(1)).  Therefore, Plaintiffs must "timely comply with the notice requirements of the MTCA" to bring state law claims against Singing River and its employees.  *See Stewart*, 2009 WL 112091 at *2.

Plaintiffs have not alleged their compliance with the notice requirements of the MTCA, nor has Plaintiff brought any such notice to the Court's attention.  Singing River's chief executive officer, Tiffany Murdock, attests that she "was not served with a pre-suit notice of claims by Plaintiffs prior [to] the lawsuit being filed on December 5, 2022."  (*See* Decl. Tiffany Murdock ¶ 11, ECF No. 3-1).  As noted above, under Mississippi law, compliance with the notice requirement is a condition precedent to maintaining such an action.  Therefore, to the extent Plaintiff alleges state law cause of action covered by the MTCA against Singing River, the Motion to Dismiss such claims is granted.  *See Favre v. Harrison Cty., Miss.*, No. 1:21CV328-TBM-BWR, 2023 WL 4249020, at *4 (S.D. Miss. Mar. 27, 2023) (dismissing claims against Memorial Hospital where the plaintiff did not allege compliance with the notice requirement in his complaint and the hospital's chief executive officer attested to lack of notice by affidavit).[1]

---

[1] The parties dispute whether some of the state law claims are covered under the MTCA.  Plaintiffs argue that their civil conspiracy claim is not subject to the MTCA pre-suit notice requirement.  The Mississippi Supreme Court has recently clarified

**REMAINING STATE LAW CLAIMS AGAINST INDIVIDUAL DEFENDANTS**

Plaintiff's Amended Complaint, which intended to plead supplemental state law claims against the individual Defendants, amounts to a "shotgun pleading." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (". . . there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.").

The Court notes that the [29] Amended Complaint, in its current form, includes federal and state causes of action which are sweepingly alleged against "Defendants," either in whole or in part. (*See* Am. Compl. ¶¶ 58-67; ¶¶ 68-70; ¶¶ 82-89; ¶¶ 90-92; ¶¶ 93-99; ¶¶ 100-01; ¶¶ 102-03; ¶¶ 104-05; ¶¶ 106-07; ¶¶ 108-13). The allegations intended to support these causes of action generally fail to state which Defendants are implicated in which causes of action and via what specifically alleged conduct. In other words, the Court is unable to assess the how, what or when, as it pertains to each individual Defendant and each separate cause of action.

---

that civil conspiracy claims are subject to the MTCA. *See Moton v. City of Clarksdale*, --- So. 3d ---, 2023 WL 4360567, at *2-3 (Miss. 2023) (affirming dismissal of civil conspiracy claim under the MTCA). In addition, Defendants concede that Plaintiffs' defamation claim against Singing River is actually a "stigma plus" claim brought under federal law and not subject to the MTCA pre-suit notice requirements. *See Black v. North Panola Sch. Dist.*, 461 F.3d 584, 595 (5th Cir. 2006) ("[T]he MTCA notice requirement does not apply to § 1983 claims.") (citing *McGehee v. DePoyster*, 708 So. 2d 77, 81 (Miss. 1998)); *State of Tex. v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995) ("[D]amage to an individual's reputation as a result of defamatory statements made by a state actor, accompanied by an infringement of some other interest, is actionable under § 1983. . .. We have described this as a 'stigma-plus-infringement' test.") (citations omitted).

*See Slocum v. Allstate Ins. Co.*, No. 2:19CV153-KS-MTP, 2020 WL 428021, at *6 (S.D. Miss. Jan. 27, 2020) ("[S]hotgun pleadings are disfavored . . . [because the plaintiff] lumps all Defendants together and makes no differentiation between Defendants as to any action taken.").

Plaintiffs' allegations concerning the supplemental state law claims against the individual Defendants do not meet the standard of plausibility set forth by *Twombly* and *Iqbal*. They must, therefore, be dismissed at this time pursuant to Rule 12(b)(6). However, Plaintiffs will be given an additional opportunity to amend their pleadings to state plausible claims for relief that specify which named Defendants are implicated in each of cause of action and link each cause of action to its factual predicate.

Finally, it is worth noting that one inevitable consequence of shotgun pleadings is to "delay cases by wasting scarce judicial and parajudicial resources." *See Starship Enters. of Atlanta, Inc. v. Coweta Cty., Ga.*, 708 F.3d 1243, 1251 (11th Cir. 2013). Plaintiffs are encouraged to carefully review any quiescent Second Amended Complaint to ensure that they have given the Defendants adequate notice of the claims against them, facts in support of those claims, and the grounds upon which each claim rests.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [3] Motion to Dismiss filed by Defendants, Phillip Myers, Paula Smith, John D. Smith, Shannon Cuevas, and Singing River Health System, is **GRANTED** at this time pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiffs are granted fourteen days (14) to within which to file a Second Amended Complaint.

**SO ORDERED AND ADJUDGED** this the 24th day of August, 2023.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE