IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| LANCE JOHANSEN and MISSISSIPPI ORTHOPEDIC INSTITUTE, PLLC | PLAINTIFFS |
| v. | CAUSE NO. 1:23cv006-LG-BWR |
| PHILLIP MYERS and SINGING RIVER HEALTH SYSTEM | DEFENDANTS |

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION IN LIMINE

In this lawsuit that arose out of employment disputes, Defendants Phillip Myers and Singing River Health System have filed a [80] Motion in Limine asking the Court to prohibit Plaintiffs from presenting evidence, testimony, or argument concerning (1) the death of Plaintiff Lance Johansen's daughter, and (2) the bankruptcy filing of Plaintiff Mississippi Orthopedic Institute, PLLC ("MOI"). The parties fully briefed the Motion, and the Court permitted Plaintiffs to file a sur-reply in opposition to the Motion due to new issues that arose during briefing. The Court has further determined that the portion of Defendants' Motion related to MOI's bankruptcy should be construed as a Fed. R. Civ. P. 37(c) motion to exclude evidence. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Defendants' [81] Motion in Limine concerning Dr. Johansen's daughter's death should be granted as unopposed. The Court further finds that Defendants' [81] Motion to exclude evidence concerning

MOI's bankruptcy-related damages as untimely is denied so long as Plaintiffs supplement their discovery responses by December 19, 2025.

## DISCUSSION

### I. INFORMATION CONCERNING THE DEATH OF DR. JOHANSEN'S DAUGHTER

The parties generally agree that information related to the death of Dr. Johansen's daughter would be inadmissible at trial. But Plaintiffs note that "questions posed by the Defendants could open the door to such testimony." Pls.' Resp. [86] at 1. The Court finds that Defendants' Motion to Exclude should be granted. During trial, if Plaintiffs believe that Defendants have "opened the door" to admission of this information, they should notify the Court.

### II. INFORMATION CONCERNING MOI'S BANKRUPTCY

Defendants assert that information concerning MOI's bankruptcy would be "unduly prejudicial." Defs.' Mem. [81] at 2. In their Response, Plaintiffs claim the bankruptcy filing is "highly relevant" because they are seeking damages related to MOI's bankruptcy in this lawsuit. Pls.' Resp. [86] at 1–2. Since Plaintiffs had not previously disclosed that they were seeking damages related to the bankruptcy in this lawsuit, Defendants now ask the Court to prohibit Plaintiffs from claiming those damages at trial. As a result, Defendants' Motion in Limine is now "more properly considered a motion to exclude." *King v. King*, 117 F.4th 301, 306 (5th Cir. 2024).

> The Federal Rules of Civil Procedure provide:
>
> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).  Rule 26(a) required Plaintiffs to provide "a computation of each category of damages claimed" and to make available to Defendants all evidence on which the computation is based as part of their initial disclosures "without awaiting a discovery request."  *See* Fed. R. Civ. P. 26(a)(1)(A)(iii).  Meanwhile, Rule 26(e) required Plaintiffs to supplement their initial disclosures and all other discovery requests

> in a timely manner if the party learn[ed] that in some material respect the disclosure or response [was] incomplete or incorrect, and if the additional or corrective information [had] not otherwise been made known to the other parties during the discovery process or in writing.

*See* Fed. R. Civ. P. 26(e)(1)(A).

Plaintiffs filed this lawsuit on December 5, 2022.  MOI filed its first bankruptcy petition on September 1, 2023, but that petition was dismissed on October 10, 2023.  The discovery deadline was March 22, 2025, and the motion deadline was March 28, 2025.  The pretrial conference is set for April 21–22, 2026, and the trial is scheduled for May 11, 2026.

MOI filed its second bankruptcy petition on April 19, 2024.  Plaintiffs filed a [73] Suggestion of Bankruptcy on July 17, 2024.  Plaintiffs apparently contend that Defendants should have assumed Plaintiffs were seeking damages related to the bankruptcy upon receipt of the Suggestion of Bankruptcy.  They further assert that

3

Defendants could have obtained the amount of the bankruptcy fees and costs from the public record. These arguments are not persuasive. Plaintiffs have failed to explain how Defendants could have known Plaintiffs were seeking bankruptcy-related damages until receipt of their response to the present [80] Motion on April 9, 2025.

Courts consider the following factors when determining whether to exclude untimely-produced evidence: "(1) the importance of the evidence; (2) any prejudice to the opposing party that would result if the evidence were admitted; (3) the availability of a continuance to cure such prejudice; and (4) the party's explanation for its failure to comply with Rule 26 in the first instance." *King*, 117 F.4th at 307.

As for the first factor, evidence that supports Plaintiffs' claim for damages is important. Second, Defendants claim they will be prejudiced if Plaintiffs are permitted to present evidence of MOI's bankruptcy at trial. They further claim "MOI's failure to disclose this information did not allow for Defendants to examine the bankruptcy and damages computations to determine whether it sufficiently supported Plaintiffs' request for damages because MOI had to file for bankruptcy." Defs.' Reply [90] at 3. The Court finds Defendants' assertions are insufficient to establish prejudice. Third, the trial of this matter is scheduled to begin on May 11, 2026, so a continuance is not necessary. Finally, Plaintiffs claim they complied with Rule 26, but there is no indication in the record that they informed Defendants they were seeking damages related to bankruptcy until after Defendants filed their Motion in Limine.

After weighing all of these factors, the Court finds that Defendants' request to exclude evidence of damages related to MOI's bankruptcy as untimely should be denied at this time. However, Plaintiffs must supplement their initial disclosures and discovery responses to include evidence concerning their claim for bankruptcy-related damages no later than December 19, 2025. The Court expresses no opinion regarding the ultimate admissibility of any evidence of damages related to MOI's bankruptcy.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendants' [80] Motion in Limine is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiffs must supplement their initial disclosures and discovery responses to include evidence concerning their claim for bankruptcy-related damages by **December 19, 2025**.

**SO ORDERED AND ADJUDGED** this the 1st day of December, 2025.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE