## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**LANCE JOHANSEN and**
**MISSISSIPPI ORTHOPEDIC**
**INSTITUTE, PLLC**                                                    **PLAINTIFFS**

**v.**                                               **CAUSE NO. 1:23CV6-LG-BWR**

**PHILLIP MYERS and**
**SINGING RIVER HEALTH**                                    **DEFENDANTS**
**SYSTEM**

## ORDER GRANTING IN PART AND DENYING
## IN PART PLAINTIFFS' MOTION IN LIMINE

Plaintiffs Dr. Lance Johansen and Mississippi Orthopedic Institute, PLLC

("MOI"), have filed a [110] Motion in Limine asking the Court to exclude several

exhibits listed by Defendants Dr. Philip Myers and Singing River Health System

("SRHS") in the [108] Pretrial Order.[1]  The parties have fully briefed the Motion.

After reviewing the submissions of the parties, the record in this matter, and the

applicable law, the Court finds that Plaintiffs' Motion in Limine should be granted

to the extent they ask the Court to exclude the proposed testimony of Dr. Curtis

Broussard.  The Court finds that the Motion should be denied in all other respects.

Plaintiffs will be permitted to file contemporaneous objections at trial.

### BACKGROUND

In this lawsuit, Plaintiffs claim that SRHS wrongfully failed to consider Dr.

Johansen's application for appointment and clinical privileges to practice medicine

---

[1] Defendants did not oppose Plaintiffs' request to file their Motion in Limine out of
time, but they oppose the Motion in Limine.

at its hospital in Gulfport, Mississippi.  They further claim that SRHS hired MOI's former employee, Dr. Myers, to open a competing orthopedic surgery clinic.  Dr. Johansen asserts claims for violation of his Fourteenth Amendment rights to procedural due process and substantive due process against SRHS.[2]  MOI asserts the following claims against Dr. Myers: breach of employment agreement, breach of the duty of good faith and fair dealing, and intentional breach of contract.  MOI also asserts a tortious interference with contract claim against SRHS.

Plaintiffs ask the Court to exclude the following exhibits listed by Defendants in the Pretrial Order:

- D-12 "Precautionary Suspension" letter dated January 23, 2020, to Dr. Johansen (SRHS 1621-1623)
- D-13 Email dated October 30, 2019, from Jennifer Vercher to HCA regarding Dr. Johansen's conduct (SRHS 1625-1626)
- D-14 Letters from Dr. Cottone to various individuals dated November 22, 2019, January 31, 2020, January 23, 2020, and January 28, 2020 (SRHS 1637-1640)
- D-15 Letter dated January 25, 2020, from Dr. Johansen to Mr. Randy Rogers (SRHS 1641)
- D-16 Garden Park Board Minutes dated January 27, 2020, regarding Dr. Johansen (SRHS 1645)
- D-17 Garden Park Executive Session Minutes dated April 27, 2020, (SRHS 1586)
- D-18 Garden Park Executive Session Minutes dated May 25, 2020, (SRHS 1587)

---

[2] "SRHS is a community hospital owned by Jackson County, [Mississippi], established under community-hospital statutes and governed by a board of trustees." *Singing River MOB, LLC v. Jackson County*, 342 So. 3d 140, 142 (Miss. 2021) (citing Miss. Code Ann. §§ 41-13-10 to -107).  Community hospitals are considered "political subdivisions" under Mississippi law.  *See* Miss. Code Ann. § 41-13-11(5); Miss. Code Ann. § 11-46-1(i).

- D-19 Garden Park Executive Session Minutes dated June 30, 2020, (SRHS 1589)
- D-20 Letter dated August 21, 2019, from Memorial to Dr. Johansen (SRHS 1605-06)
- D-21 Letter dated August 21, 2019, from Dr. Johansen to Memorial (SRHS 1616-1618)
- D-22 Letter dated September 17, 2019, from Memorial to Dr. Johansen (SRHS 1607)
- D-23 Email dated October 19, 2020, from Dr. Johansen to Memorial (SRHS 1619)

Pls.' Mem. [110] at 2.  Plaintiffs further assert that two of Defendants' proposed witnesses—Dr. Joseph Cottone and Dr. Curtis Broussard—should not be permitted to testify at trial.

## DISCUSSION

The purpose of a motion in limine is to exclude evidence concerning "matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *Parker v. Tyson Foods, Inc.*, 499 F. Supp. 3d 297, 299 (S.D. Miss. 2020) (citation modified).

> Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds.  To that end, evidentiary rulings should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context. Motions in limine should be narrowly tailored to address issues which will likely arise at trial and which require a pre-trial ruling due to their complexity and/or the possibility of prejudice if raised in a contemporaneous objection.

*Moon River Foods, Inc. v. Red Chamber Co.*, No. 4:23-CV-189-SA-DAS, 2026 WL 734664, at *1 (N.D. Miss. Mar. 16, 2026) (citation modified).

## I.  RELEVANCE

Plaintiffs first argue that exhibits D-12 through D-23 are not relevant because SRHS was unaware of these documents when it refused to process Dr. Johansen's application for credentials.  They note that Defendants obtained the documents via subpoena after Plaintiffs filed this lawsuit.  Defendants respond that the exhibits "are directly relevant to his claim that he was denied procedural and substantive due process during the SRHS credentialing process."  Defs.' Resp. [111] at 2.  They further assert that these exhibits "go to the heart of Dr. Johansen's credibility."  *Id.*

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Courts must exclude irrelevant evidence, but relevant evidence is admissible unless excluded by the United States Constitution, a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court."  Fed. R. Evid. 402.

### A.  MISSISSIPPI STATUTES REGARDING CREDENTIALING

Dr. Johansen's substantive due process claim hinges on whether SRHS complied with the relevant portions of three Mississippi statutes: Miss. Code Ann. § 73-25-29, § 73-25-83, and § 73-25-93.  Specifically, Plaintiffs argue that SRHS could only deny him credentials for one of the reasons set forth in those statutes.  In the present Motion, Plaintiffs claim that exhibits D-12 through D-23 are irrelevant to the statutory grounds for denying credentials.

A substantive due process claim requires "stunning evidence of arbitrariness and caprice that extends beyond mere violations of state law . . . ." *Castille v. Port Arthur ISD*, 168 F.4th 240, 253 (5th Cir. 2026).  Thus, "a violation of state law is alone insufficient to state a constitutional claim under the Fourteenth Amendment." *FM Props. Operating Co. v. City of Austin*, 93 F.3d 167, 174 (5th Cir. 1996) (citation modified).  The Court denies Plaintiffs' Motion in Limine to the extent they present arguments concerning Miss. Code Ann. § 73-25-93, Miss. Code Ann. § 73-25-83, and Miss. Code Ann. § 73-25-29.

## B. AFTER-ACQUIRED EVIDENCE

"The after-acquired evidence doctrine concerns the effect of evidence of employee misconduct acquired by the employer after the employee has been terminated for a discriminatory reason." *Miller v. AT & T Corp.*, 250 F.3d 820, 837 (4th Cir. 2001).  This "doctrine precludes or limits an employee from receiving remedies for wrongful discharge if the employer later discovers evidence of wrongdoing that would have led to the employee's termination had the employer known of the misconduct." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1070–71 (9th Cir. 2004) (citation modified).  The Eleventh Circuit has explained:

> [T]he burden is on the employer to prove that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone.  Thus, it is an affirmative defense that an employer must plead in its answer or otherwise ensure that it is a subject of the pretrial order.

*Holland v. Gee*, 677 F.3d 1047, 1065 (11th Cir. 2012).

Defendants obtained exhibits D-12 through D-23 during this litigation, so SRHS did not consider the exhibits during the credentialing process. Plaintiffs assert that Defendants cannot present these exhibits in an attempt to limit Dr. Johansen's damages because they waived the affirmative defense of after-acquired evidence by failing to timely raise it. Pls.' Mem. [110] at 2. Defendants counter that the exhibits should not be considered after-acquired evidence because "[m]ost of the Exhibits that Dr. Johansen now seeks to exclude from evidence are documents that Dr. Johansen hid and refused to produce during the lengthy credentialing process . . . ." Defs.' Resp. [111] at 1. The question of whether the exhibits should be considered after-acquired evidence must be decided by the jury at trial.

Even so, most courts that have addressed the issue have held that an employer can present after-acquired evidence to impeach an employee's credibility pursuant to Fed. R. Evid. 608(b). *See, e.g., Vichare v. AMBAC Inc.*, 106 F.3d 457, 467–68 (2d Cir. 1996); *Zeigler v. Ala. Dep't of Hum. Res.*, No. 2:09cv284-WHA, 2010 WL 2490018, at *2 (M.D. Ala. June 16, 2010); *Zhou v. State Univ. of N.Y. Inst. of Tech.*, No. 6:08cv444-GTS-ATB, 2013 WL 2237842, at *4–*5 (N.D. N.Y. May 21, 2013); *Zeigler v. Ala. Dep't of Hum. Res.*, No. 2:09CV284-WHA, 2010 WL 2490018, at *2 (M.D. Ala. June 16, 2010). Rule 608 provides:

> Extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
> (1) the witness; or

> (2) another witness whose character the witness being cross-examined
> has testified about.

Fed. R. Evid. 608(b).  Thus, even if Defendants waived the after-acquired evidence affirmative defense, their exhibits may be relevant to the question of Dr. Johansen's credibility.  Plaintiffs' Motion in Limine is denied to this extent.

## II.  MISSISSIPPI PEER REVIEW PRIVILEGE

Plaintiffs argue that all of the records SRHS obtained from Garden Park and Memorial Hospital are inadmissible at trial pursuant to Miss. Code Ann. § 41-63-9.  This statute established Mississippi's peer review privilege for the "purpose of promoting quality patient care through accreditation and quality assurance functions."  *Miss. Baptist Health Sys., Inc. v. Johnson*, 360 So. 3d 949, 953 (Miss. 2023) (citing Miss. Code Ann. § 41-63-9(3)).  When it created this privilege, "[t]he Legislature wanted to promote self-policing among the medical profession."  *Claypool v. Mladineo*, 724 So. 2d 373, 377 (Miss. 1998).  The statute, which is interpreted narrowly, *id.* at 385, provides:

> Notwithstanding any conflicting statute, court rule or other law, in
> order to encourage medical and dental review activity, the proceedings
> and records of any medical or dental review committee shall be
> confidential and shall not be subject to discovery or introduction into
> evidence *in any civil action arising out of the matters which are the
> subject of evaluation and review by such committee.*

Miss. Code Ann. § 41-63-9(1) (emphasis added).

This lawsuit did not arise out of any peer review activity performed by Garden Park or Memorial.  Therefore, pursuant to the terms of the statute, the privilege does not apply to the peer review records of Garden Park or Memorial

-7-

Hospital in this lawsuit.[3]  Plaintiffs' Motion in Limine is denied to the extent it pertains to the peer review privilege.

## III.  RULE 403 AND HEARSAY

Plaintiffs further argue that exhibits D-12 through D-23 contain inadmissible hearsay as well as information that should be excluded pursuant to Fed. R. Evid. R. 403, which provides, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  "[D]istrict courts should apply Rule 403 sparingly."  *Baker v. Canadian Nat'l/Ill. Cent. R.R.*, 536 F.3d 357, 369 (5th Cir. 2008).  "Rule 403's major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect."  *Id.* (citation modified).

Meanwhile, "'[h]earsay' means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801.  There are several exceptions to the rule that hearsay is generally inadmissible.  *See* Fed. R. Evid. 802, 803.

At this time, the Court does not have sufficient context to determine whether Defendants' proposed exhibits are inadmissible pursuant to Rule 403 or Rule 802.

---

[3] The Court further notes that Fed. R. Evid. 501 addresses when state law governs privilege.

*See Carter v. City of Jackson*, No. 3:22-CV-712-KHJ-MTP, 2024 WL 2881007, at \*1
(S.D. Miss. June 7, 2024) (citation modified) ("Evidence should not be excluded in
limine unless it is clearly inadmissible on all potential grounds.").  Plaintiffs can
raise these issues at trial.

## IV.  AUTHENTICATION

Plaintiffs claim, "Defendants have not identified a single witness from
Memorial to sponsor or authenticate the records from Memorial."  Pls.' Reply [112]
at 5.  Notably, Exhibit D-20 purports to be a letter that Memorial sent to Dr.
Johansen on August 21, 2019, and Exhibit D-21 purports to be a response to Exhibit
D-10 that was sent by Dr. Johansen to Memorial.  Exhibit D-22 purports to be
another letter that Memorial sent to Dr. Johansen, and Exhibit D-23 purports to be
an email Dr. Johansen sent to Memorial.

The Federal Rules of Evidence provide that a document can be authenticated
by "[t]he appearance, contents, substance, internal patterns, or other distinctive
characteristics of the item, taken together with all the circumstances."  Fed. R.
Evid. 901(b)(4).  "[A] letter may be authenticated by content and circumstances
indicating it was in reply to a duly authenticated one."  Fed. R. Evid. 901(b)
advisory committee's notes to 1972 amendment.  For example,

> if a letter has been written to a specific recipient, and the letter now
> offered in evidence purports to be written by the recipient in reply to
> the first letter (that is, its contents either refer to the first letter, or are
> responsive to its terms) and has been received without unusual delay,
> these facts authenticate it as a reply letter.  This result rests in part
> upon the generalization that the author would know of the terms of the
> first letter in view of the presumed regularity and dependability of the
> mails in delivering the first letter.  It is also supported by common

-9-

experience, which tells us that reply letters do come from the person addressed in the first letter.

McCormick on Evid. § 224 (9th ed. 2025).

Plaintiffs have not argued that Dr. Johansen, who apparently authored two of the exhibits and received two of them, is incapable of authenticating these exhibits during cross-examination. Plaintiffs also have not addressed whether any of the exhibits can be authenticated based on the circumstances set forth in Fed. R. Evid. 901(b)(4). As a result, their Motion is denied at this time.

## V. TESTIMONY OF DR. JOSEPH COTTONE AND DR. CURTIS BROUSSARD

Plaintiffs argue that Defendants should not be able to call Dr. Cottone as a witness because SRHS did not have any substantive conversations with him during the credentialing process. However, "Defendants intend to call either Dr. Cottone or Dr. Broussard for the limited purpose of authenticating some of the Exhibits at issue." Defs.' Resp. [111] at 6. As a result, Plaintiffs' argument concerning Dr. Cottone are not well taken.

Plaintiffs further claim that Defendants did not timely disclose Dr. Broussard's identity as a witness during discovery. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Courts consider the following factors when determining whether to exclude untimely exhibits or witnesses: "(1) the importance of the

evidence; (2) any prejudice to the opposing party that would result if the evidence were admitted; (3) the availability of a continuance to cure such prejudice; and (4) the party's explanation for its failure to comply with Rule 26 in the first instance." *King v. King*, 117 F.4th 301, 307 (5th Cir. 2024). Defendants have not explained why they did not disclose Dr. Broussard during discovery, and they have not shown that he is an important witness. They admit they only intend to call him to authenticate documents, and they concede that Dr. Cottone can authenticate those documents. Thus, the Court grants Plaintiffs' Motion to the extent it excludes Dr. Broussard's testimony.

### CONCLUSION

Plaintiffs' Motion in Limine is granted to the extent they wish to exclude Dr. Broussard as a witness. Their Motion is denied in all other respects. Plaintiffs may present contemporaneous objections at trial.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [110] Motion in Limine filed by Plaintiffs Dr. Lance Johansen and Mississippi Orthopedic Institute, PLLC, is **GRANTED IN PART AND DENIED IN PART**.

**SO ORDERED AND ADJUDGED** this the 10th day of July, 2026.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE